UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| RENDELL MOORE, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:15-CV-526-TAV-DCP |
| CENTURION OF TENNESSEE, et al., | ) | |
| Defendants. | ) | |

# **MEMORANDUM OPINION**

Rendell Moore ("Plaintiff") filed this civil rights action pursuant to 42 U.S.C. § 1983 on October 19, 2015 [Doc. 1]. The Court detailed the procedural history of this case in its April 12, 2018 Order:

> Plaintiff filed his original Complaint on October 19, 2015, raising several claims of constitutional violations arising from a December 2014 encounter with numerous employees of Centurion of Tennessee [Doc. 1].
>
> On January 13, 2016, the Court reviewed Plaintiff's Complaint pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915, *et seq*. [Doc. 7]. The Court allowed Plaintiff's claims against Defendants Centurion, Mike Smith, Donnie Henson, Troy Dollar, and Officer Bryant to proceed, ordering Plaintiff to return completed service packets (each including a summons and USM 285 form) "within twenty (20) days"; Plaintiff was "forewarned that failure to return the completed service packet[s] within the time required could jeopardize his prosecution of this action [*Id*. at 7–8]. The Court ordered that these Defendants "**SHALL** answer or otherwise respond to the complaint within twenty (20) days from the date of service" [*Id*. at 8]. The Court also allowed Plaintiff an opportunity to amend his Complaint to clarify the facts and allegations supporting his claims against Defendants Jamie Lundy, Nick McCloud, Officer Tressler, and Officer Davis, and ordered that such amendment be filed within thirty days [*Id*. at 6–7]. The remaining claims and defendants were dismissed for failure to state a claim [*Id*. at 5–7].

> Plaintiff filed his Amended Complaint on February 4, 2016, clarifying the factual allegations against Lundy, McCloud, Tressler, and Davis in compliance with the Court's Order [Doc. 8]. The Court's docket reflects that Plaintiff returned the service packets for Dollar, Henson, Smith, Bryant, and Centurion on February 5, 2016; however, Plaintiff did not include summonses for Centurion and Bryant, and thus, the Clerk did not issue summons to these two Defendants [*see* unnumbered docket entry dated Feb. 5, 2016]. Dollar, Henson, and Smith, however, were served on February 12, 2016, and the summonses were returned as executed on February 17, 2016 [Docs. 9, 10, 11].

[Doc. 14 at 1–2]. The Court ordered Plaintiff to file a response to the Order within thirty days (1) advising the Court as to whether he wished to proceed in prosecuting this action as to Centurion and Bryant, and (2) showing good cause as to why his claims against Henson, Dollar, and Smith should not be dismissed for failure to prosecute based on Plaintiff's failure to request default against these served Defendants [*Id*. at 2–3]. The Court placed Plaintiff "**ON NOTICE** that his failure to file a timely response to this Order **WILL** result of the dismissal of these parties with prejudice pursuant to Rule 41(b)" [*Id*. at 2, 3]. The Court also ordered Plaintiff to complete and return service packets for Defendants Lundy, McCloud, Tressler, and Davis within twenty days, and placed Plaintiff "**ON NOTICE** that failure to timely comply with these requirements **WILL** results in the dismissal of these Defendants for failure to prosecute and/or failure to comply with a court order pursuant to Fed. R. Civ. P. 41(b)" [*Id*. at 3–4].

The Order and service packets were mailed to Plaintiff at the most recent address that he provided to the Court. On May 3, 2018, Plaintiff filed completed service packets for Henson, Dollar, and Smith—each of whom was served with a summons and complaint

2

on February 12, 2016—along with a copy of his Amended Complaint [Doc. 15; *see* Docs. 8–11]. Plaintiff did not file service packets for Lundy, McCloud, Tressler, or Davis, nor did he file a brief or responsive filing addressing his failure to prosecute Centurion, Bryant, Henson, Dollar, and Smith.

Federal Rule of Civil Procedure 41(b) gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g.*, *Nye Capital Appreciation Partners, LLC v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). Involuntary dismissal under Rule 41(b) "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.").

The Court considers four factors when considering dismissal under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Regional Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

As to the first factor, the Court can discern no reason for Plaintiff's failure other than willfulness or fault. Plaintiff has demonstrated an ability to file numerous motions with the Court in the past, and to respond appropriately to the Court's Orders in the past.

3

Plaintiff received the Court's Order, as demonstrated by his subsequent filing, but that filing failed to address any of the deficiencies or issues set forth in the Court's Order. The Court is left to conclude that Plaintiff received the Order, but made a willful choice to submit a response that did not comply with the clear requirements set forth in that Order. Accordingly, this factor weighs in favor of dismissal. The second factor, however, weighs against dismissal. Because the Defendants have either not yet been served or have been served and have failed to appear, they have not been prejudiced by any delay. By contrast, the third factor clearly weighs in favor of dismissal, as Plaintiff has failed to comply with the Court's Order, despite being expressly warned that such a failure would result in dismissal with prejudice. Finally, the Court finds that alternative sanctions would not be effective. Plaintiff is proceeding *in forma pauperis*; therefore, the Court has no indication that Plaintiff has the ability to pay a monetary fine. The Court does not believe that dismissal *without* prejudice would be an effective sanction to promote Plaintiff's respect for this Court's deadlines and orders, given that the threat of dismissal *with* prejudice was not effective in compelling Plaintiff's compliance. The Court thus concludes that, in total, the factors weigh in favor of dismissal of Plaintiff's action with prejudice pursuant to Rule 41(b).

Accordingly, this action is hereby **DISMISSED WITH PREJUDICE** pursuant to Rule 41(b). The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Fed. R. App. P. 24. Accordingly, should

Plaintiff file a notice of appeal, he is **DENIED** leave to appeal *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24.

    **AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE